■ In the Matter of MURIEL KASHINSKY, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. — Appeal from a judgment of the Supreme Court, Queens County (Hyman, J.), dated August 27, 1982, which, *inter alia,* dismissed the proceeding to invalidate a certain designating petition. Judgment reversed, on the law, without costs or disbursements, application to file an amended proof of service granted, and matter remitted to the Supreme Court, Queens County, for a hearing on the issue of whether there was proper service, to be followed, regardless of the outcome on the issue of service, by a hearing on the issue of the validity of the designating petition. The hearings shall be commenced forthwith. Special Term dismissed this proceeding "for failure to file adequate proof of service" and denied "petitioner's application to file amended proof of service or to call the process server as a witness". The court further denied the petitioner's request for a hearing as to the validity of the designating petition in question, pending determination of this appeal. Under the circumstances, Special Term should have permitted petitioner's application to file an amended proof of service or to call the process server as a witness. We find the facts as set forth in the amended proof of service to be sufficient to establish proper service. However, the respondents will have an opportunity before Special Term to dispute those alleged facts. As the parties have agreed, "due diligence" is not an issue. In view of the time constraints involved in this election case, a hearing on the validity of the designating petition must also be held at this time. Lazer, J. P., Gibbons, Gulotta, Bracken and Niehoff, JJ., concur.

■ In the Matter of FRANK V. PONTERIO, Appellant, v ALLEN P. CAPPELLI, Respondent-Respondent, et al., Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated August 30, 1982, which dismissed a proceeding to invalidate a certain designating petition. Judgment affirmed, without costs or disbursements. There are more than enough signatures appearing in the uncontested volumes of the petition to sustain the respondent candidate's designation. This is not an instance where the designating petition was so permeated with fraud as to mislead the public or deceive the signatories to the petition. Weinstein, J. P., O'Connor, Brown, Rubin and Boyers, JJ., concur.